UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-cr-00159-SEB-MG-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DEANDRE ARMOUR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00159-SEB-MG |
| | ) | |
| DEANDRE ARMOUR, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Deandre Armour has filed a motion seeking reconsideration of the Court's denial of compassionate release. Dkt. 366. For the reasons explained below, his motion is **DENIED**.

I.    **Background**

In January 2015, following a five-day jury trial, a jury found Mr. Armour guilty of Count 1, conspiracy to commit armed bank robbery, Count 2, attempted armed bank robbery, and Count 3, using carrying, brandishing, or discharging a firearm during and in relation to a crime of violence (attempted armed bank robbery). Dkt. 213. The Seventh Circuit summarized the evidence presented at trial as follows:

> On the morning of June 26, 2013, appellant Deandre Armour directed two other men as they attempted to rob a bank branch in a suburb of Indianapolis. Duryea Rogers and Xavier Hardy hid outside the bank entrance and forced a teller into the bank at gunpoint as she was opening the locked door. Armour sat in the bank parking lot and directed Rogers and Hardy by radio. Armour had recruited Rogers and Hardy before the robbery. He supplied them with clothing, reserved their hotel rooms, and orchestrated the plan.
>
> Inside the bank, Hardy stood lookout for more arriving employees while Rogers ordered the teller to disable the bank's alarm and open the safe. No other bank employees were trying to go inside the bank because they had not been given the all-clear signal. In the meantime, the teller inside the bank was unable to open the safe. Once Rogers realized the bank teller could not open the safe, he told Armour over the radio that they needed to abort the robbery. Rogers and Hardy forced the

>teller to the floor, tied her with plastic "zip ties," and stole her car to flee. All three men were arrested quickly; two firearms were found with them.

*United States v. Armour*, 840 F.3d 904, 906 (7th Cir. 2016), as amended (June 26, 2017).

Mr. Armour faced a guidelines range of 360 months to life imprisonment. Dkt. 244 at 21. He also faced a mandatory minimum sentence of seven years on Count 3 which was mandatorily consecutive. *Id.* The Court sentenced him to 324 months of imprisonment (60 months on Count 1, 240 months on Count 2, concurrent, and 84 months on Count 3, consecutive) to be followed by 5 years of supervised release. Dkt. 253 at 2–3.

Mr. Armour appealed his sentence. On November 1, 2016, the Seventh Circuit upheld his conviction and sentence on Counts 1 and 2 but vacated his sentence on Count 3. *See Armour v. United States*, 840 F.3d 904 (7th Cir. 2017). The case was remanded for resentencing of the imprisonment portion of Count 3, and the Court issued an identical sentence on remand. Dkt. 320 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Armour's anticipated release date (with good conduct time included) as July 25, 2036. https://www.bop.gov/inmateloc/ (last visited May 13, 2024).

Mr. Armour filed a motion for compassionate release *pro se*. Dkt. 354. Mr. Armour argued that he establishes extraordinary and compelling reasons for compassionate release because (1) a change in the law has produced a disparity between the sentence he received and sentence he would receive today; and (2) he wants to be released so that he can provide care for his sister and her son who require a full-time caregiver. *Id.* The Court denied his motion on three grounds: (1) He failed to properly exhaust administrative remedies prior to filing his motion because his motion was based on grounds not included in his petition to the warden, (2) neither a change in the law that would affect his sentence nor his family circumstances establish extraordinary and compelling

3

reasons for release, and (3) the sentencing factors under 18 U.S.C. § 3553 weigh against his release. Dkt. 363.

Mr. Armour has now filed a motion for reconsideration of his compassionate release motion. Dkt. 366. Mr. Armour suggests that the Court erred in determining that no extraordinary and compelling reason was shown. *Id.* at 1–5. He argues that the Court should have reached a different conclusion on the 18 U.S.C. § 3553 factors. *Id.* at 8. He also adds that he has now properly petitioned the warden for compassionate release. *Id.* at 10. The Court has concluded that it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

4

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Motions to reconsider are governed by either Federal Rule of Civil Procedure 59(e), for motions to alter or amend judgment, or 60(b), for motions for relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Armour is seeking relief from the Court's judgment, and the Court will treat his motion as a motion under Rule 60(b).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citation omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). A motion for reconsideration may be granted where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted).

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 Fed. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or

arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270.

Mr. Armour argues that the Court should reconsider its decision to deny compassionate release due to his failure to exhaust administrative remedies. Dkt. 366 at 10. He states that he has newly petitioned the warden for compassionate release based on the proper grounds. *Id.* This is, however, insufficient to alter the Court's prior order. Section 3582(c)(1)(A) permits a court to reduce a defendant's sentence only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Armour states that he has attached evidence of the new petition to his motion to reconsider. Dkt. 366 at 10. No such attachment was filed with his motion. However, even if he has made a new petition to the warden based on the same grounds as his motion for compassionate release, doing so *after* filing his motion to the Court is insufficient to allow the Court to grant compassionate release. Accordingly, Mr. Armour has not met his burden to show that the Court's exhaustion analysis contained manifest error of law or fact.

Mr. Armour also argues that the § 3553(a) factors should weigh in favor of release. However, all this information could previously have been brought before the Court in either Mr. Armour's Motion or in his reply brief or was considered by the Court in its § 3553 analysis. The Court ruled on the motion after it was fully briefed and will not relitigate underdeveloped arguments through a motion to reconsider. S*ee Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999) ("The motion for reconsideration is not an opportunity for a party to correct its own procedural failures."). Even if the Court were to consider Mr. Armour's

6

presented arguments, for the reasons stated in our order, the § 3553(a) factors still do not weigh in his favor.

The Court, in its prior order, stated three independent grounds for denial of compassionate release. Dkt. 363. Any one of these grounds would alone be sufficient for the Court to deny Mr. Armour's motion for compassionate release. Even if the Court had committed error in analyzing whether extraordinary and compelling reasons for release exist (which the Court does not find), its stated grounds regarding exhaustion and § 3553 were sufficient to deny Mr. Armour's motion for compassionate release. For that reason, Mr. Armour has not shown sufficient grounds to alter the Court's denial of compassionate release, and thus the Court must **deny** Mr. Armour's motion for reconsideration.

### III.    Conclusion

For the reasons stated above, Mr. Armour's Motion for Reconsideration of Compassionate Release Motion, Dkt. [366], is **DENIED**.

**IT IS SO ORDERED.**

Date:  5/20/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Deandre Armour
Register Number: 11606-028
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808