UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00159-SEB-MG |
| | ) | |
| DEANDRE ARMOUR, | ) -01 | |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00159-SEB-MG |
| | ) | |
| DEANDRE ARMOUR, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Deandre Armour has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 380. For the reasons explained below, Mr. Armour's motion for compassionate release is **denied**.

## I. Background

Mr. Armour is currently serving a 325-month sentence of imprisonment after he was found guilty of: one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; two counts of attempted armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and 2; and three counts of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2.[1] Dkt. 320 at 1–2.

The Bureau of Prisons ("BOP") currently reports Mr. Armour's anticipated release date as July 25, 2036. *See* https://www.bop.gov/inmateloc/ (last visited October 26, 2026).

[1] A more detailed background is provided in the Court's April 11, 2024, Order denying Mr. Armour's first motion for compassionate release. *See* dkt. 363 at 2-3.

Mr. Armour argues that he establishes extraordinary and compelling reasons for compassionate release because he is serving an unusually long sentence and there is a sentencing disparity due to a recent change in the law.

## II. Other Pending Motions

Before the Court proceeds to the merits of Mr. Armour's motion, it addresses his pending motions.

Mr. Armour filed two motions to amend his motion, dkts. [385] and [386], but he subsequently filed a "motion to dismiss Petitioners' motions to amend his compassionate release," dkt. [407]. That motion, dkt. [407], is **granted** to the extent that the Court has disregarded the arguments that Mr. Armour makes in dkts. [385] and [386] and **denies** those motions as moot and focuses only on his argument in the motion for compassionate release at dkt. [380].

Mr. Armour also filed various motions requesting the status of his compassionate release motion and apprising the Court of his various transfers. These motions, dkts. [393], [399], [400], [403], [404], [405], [406], are **granted** to the extent that the Court issues its ruling on the pending motion and appreciates Mr. Armour's diligence in keeping the Court apprised of his location.

Mr. Armour has also moved for  for counsel. Dkt. 385 There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Given Mr. Taylor's competent explanation of his claims, the Court finds that recruiting pro bono counsel on his behalf is not necessary. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Thus, his request for counsel, dkt. [385], is **denied**.

Finally, Mr. Armour has moved the Court to remove the motion out of abeyance in light of recent case development and to order the government to respond to his motion. Dkts. 408, 409. The motion to lift the stay, dkt. [409], is **granted**. However, because the outcome of the motion is

clear, the Court has concluded it can resolve the motion without a response from the United States. Thus, the motion to order the government to show cause, dkt. [408], is **denied**.

## III. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Armour's first motion for compassionate release sought release based on the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). That is, he argued that *Taylor* is retroactive and his conviction under Count 3 cannot qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c). The Court rejected his argument because the Seventh Circuit had held that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. Dkt. 363 at 6 (citing *United States v. Thacker*, 4 F.4th 569,

574 (7th Cir. 2021)). Mr. Armour's renewed motion presents the same argument. Dkt. 380. But since he filed his motion, the Supreme Court has squarely held that that a nonretroactive change to a sentencing scheme cannot be an "extraordinary and compelling" reason to reduce a sentence for purposes of § 3582(c)(1)(A)(i) and that § 1B.1.13(b)(6) is void to the extent it conflicts with the statute. *See Rutherford v. United States*, 608 U.S. 465, 465 (2026) ("When Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Insofar as the Commission's amended policy statement maintains otherwise [in U.S.S.G. § 1B1.13(b)(6)], it conflicts with the statute"). Therefore, the change in law Mr. Armour cites cannot be used as an extraordinary and compelling reason for compassionate release.

Mr. Armour has not established any extraordinary and compelling reasons for a sentence reduction. Therefore, his motion must be denied. The Court observes that, in addition to his first motion for compassionate release and his renewed motion for compassionate release, Mr. Armour has presented this claim in a § 2241 motion and several attempts to pursue successive relief under § 2255. *See* dkt. 360 at 9-10 (government's response in opposition to first motion for compassionate release, providing procedural background). Any future request for sentencing relief based on this argument will be summarily denied.

## IV. Conclusion

For the reasons stated above, Deandre Armour's second motion for compassionate release, dkt. [380], is **denied**. Mr. Armour's motion to dismiss his motions to amend, dkt. [407], is granted, and the motions at dkts. [381], [385], and [386] are **denied as moot.** His motions for case status, dkts. [383], [393], [399], [400], [403], [404], [405], [406], and motion to lift stay, dkt. [409] are

**granted** consistent with this order. His motion for counsel, dkt. [385], and motion to order the government to respond, dkt. [408] are **denied**.

**IT IS SO ORDERED.**

Date: 10/30/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Deandre Armour
Reg. No. 11606-028
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525

All Electronically Registered Counsel